Franklin H. KABELKA, Plaintiff,

v.

The CITY OF NEW YORK, the New York Fire Department, the Fire Commissioner, Medical Board of the New York City Fire Department, the Article 1B Medical Board of the New York City Fire Department, and the New York City Fire Department Article 1B Pension Board, Defendants.

No. 67 Civ. 2785.

United States District Court
S. D. New York.

Sept. 11, 1967.

Minnie Warshaw and Donald S. Sherwood, New York City, for plaintiff.

J. Lee Rankin, Corp. Counsel, New York City, for defendants.

MANSFIELD, District Judge.

Plaintiff, a New York City fireman, seeks declaratory, injunctive, and other relief, which would have the effect of postponing or setting aside his retirement as voted by the Board of Trustees of the New York City Fire Department Article 1B Pension Fund ("Trustees" herein), to become effective August 11, 1967. The Trustees purported to act pursuant to authority vested in them by § B19–7.83 of the New York City Administrative Code, upon the recommendation of the New York City Fire Department Article 1B Pension System Medical Board ("Medical Board" herein), which held a hearing on April 17, 1967 (§ B19–7.63 New York City Ad. Code) and determined that plaintiff was physically unfit for Fire Department Service and that the physical infirmity was not incurred in the line of duty—a fact which entitled plaintiff to a pension of one-third of his final compensation as opposed to the three-quarters of final compensation to which he would have been entitled if his disability had arisen in the course of his duties with the Fire Department. §§ B19–7.88, B19–7.89, New York City Ad. Code.

Plaintiff bases jurisdiction on the Civil Rights Act (42 U.S.C. §§ 1981 and 1983), contending that he was unconstitutionally deprived of the right to counsel before the Trustees and the Board, and that if he had been represented by counsel he would have been able, both through cross-examination and introduction of additional evidence, to·show that his disability was service-connected.

No special circumstances are advanced as warranting this Court's assumption of jurisdiction to determine the constitutional questions presented rather than wait upon a determination by the New York courts. At this point there has been a hearing before the Medical Board, which has been reviewed and approved by the Board of Trustees. The next step would normally be review of plaintiff's contentions pursuant to an Article 78 proceeding. Section 7801 et seq., N.Y. CPLR; see Wright v. McMann, 257 F.Supp. 739 (N.D.N.Y. 1966); Shaw v. McGinnis, 14 N.Y.2d 864, 251 N.Y.S.2d 971, 200 N.E.2d 636 (1964); Brown v. McGinnis, 10 N.Y.2d 531, 225 N.Y.S.2d 497, 180 N.E.2d 791 (1962).

■ This Court is extremely hesitant to step in at a time when the New York processes for justice have been initiated but not completed and, in the absence of a showing of special circumstances, will refrain from exercising its jurisdiction to resolve the constitutional questions raised. In abstaining from exercise of jurisdiction at this time the Court is guided by the fundamental principle stated by the Supreme Court in Harrison v. NAACP, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959):

> "[I]n the service of this doctrine, which this Court has applied in many different contexts, no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them." (at 176)

The theme was reaffirmed in Dombrowski v. Pfister, 380 U.S. 479, 484, 85 S.Ct. 1116, 1119, 14 L.Ed.2d 22 (1965):

> "[T]he Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework. It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by this Court, and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings."

See Fenster v. Leary, 264 F.Supp. 153 (S.D.N.Y. 1966), affd., 386 U.S. 10, ·87 S.Ct. 862, 17 L.Ed.2d 701 (1967).

■ There has been no showing here of special circumstances of the type

**1000**

which have prompted federal courts to assume jurisdiction, such as the prospect that delay in adjudication would inhibit or "chill" the exercise of First Amendment freedoms or result in "piecemeal" or unduly protracted litigation, see Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964) and Dombrowski v. Pfister, supra, or a reluctance on the part of the state courts promptly to resolve the constitutional questions. This case must also be distinguished from those where jurisdiction was assumed for the reason that state processes had not already attached to the claim and it was obvious that there would be substantial delay in obtaining an adjudication by the state courts. McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939). In the present case it appears almost certain that if the plaintiff continues pursuit of the litigation in the state courts the constitutional issues will be resolved by those courts. There is, therefore, no reason to suspect that there will be anything but an expeditious determination of plaintiff's contention in the New York courts. See United States ex rel. Wakely v. Com. of Pennsylvania, 247 F.Supp. 7 (E.D.Pa.1965); Wright v. McMann, supra.

The motion is denied for the further reason that plaintiff has shown no substantial likelihood that he will suffer irreparable harm if a preliminary injunction does not issue. In his motion papers, plaintiff talks only of being deprived of the pension he would have received if it had been determined that the disability arose in the course of employment. If plaintiff ultimately prevails, he will be paid retroactively the amount due him so that this Court's refusal to issue a preliminary injunction denies him only the immediate use of the money he will receive if he ultimately prevails. City of New York v. Schoeck, 294 N.Y. 559, 63 N.E.2d 104 (1945).

For the foregoing reasons, the motion is denied.

So ordered.