Samuel A. Spiegel, J.
Petitioner was appointed a fireman in the New York City Fire Department in February, 1961. He was retired on a nonservice-incurred disability and contends that this was improper and should have been a service-incurred disability, which would afford him greater compensation.
In this article 78 proceeding, petitioner seeks an order, among other relief, reviewing, and, on review, annulling the determination of the respondent New York City Fire Department directing petitioner’s retirement for a nonservice-incurred disability. The *571 retirement was ordered by the respondent Board of Trustees of the Article 1-B Pension System on the recommendation of the respondent 1-B Medical Board.
Petitioner urges, primarily, that the basis for his application for retirement is a claimed physical disability arising out of an injured nasal septum and little fingers on his left hand. He claims that these injuries were sustained during the course of his duties as a fireman.
Further, the petition indicates that upon his entry into the Fire Department he was physically examined and approved by the Fire Department doctors. Moreover, the petitioner served in the United States Navy for approximately two years, during which time and thereafter he was treated by surgical procedures for a nasal condition. It may be noted that there is no evidence in the record on the medical point contradictory to the findings of the respondents.
The primary issue to be considered on this application is whether petitioner was afforded constitutionally required procedural due process in the hearings before the Medical Board and the Pension Board. Petitioner asserts that there was no opportunity afforded him for representation by counsel at the Medical Board hearing and that he was not afforded any opportunity to attend the Board of Trustees ’ meeting either personally or by counsel. Respondents admit that petitioner was not permitted to attend the meeting of the Board of Trustees, but deny petitioner’s allegation that the rules, regulations and practices of the respondent Fire Department prohibit counsel from attending the Medical Board hearing. Examination of the statutes concerned (Administrative Code of City of New York §§ B19-7.63 and B19-7.83) discloses that the right to counsel at the Medical Board hearing is not expressly treated.
As stated recently by the United States Court of Appeals for the Second Circuit in Maclera v. Board of Educ. (386 F. 2d 778, 785, 787): “ The ‘ differing rules of fair play ’ encompassed by the concept of due process ‘ [vary] according to specific factual contexts =:s * * and differing types of proceedings. ’ Hannah v. Larche, 363 U. S. 420, 442, 80 S. Ct. 1502,1514, 4 L. Ed. 2d 1307 (1960).
“ ‘ The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation. * * * “ 6 [D]ue process,’ unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.” It is “ compounded of history, reason, the past course of decisions * * Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U. S. 123, 162-163, 71 S. Ct. 624, 95 L. Ed. 817 (concurring opinion).’ Cafeteria and *572 Restaurant Workers Union v. McElroy, supra, 367 U. S. at 895, 81 S. Ct. at 1748.
“ In Dixon v. Alabama Board of Education, supra, which was relied upon heavily by the court below, the Fifth Circuit Court of Appeals recognized that ‘ The minimum procedural requirements necessary to satisfy due process depend upon the circumstances and the interests of the parties involved. ’ 294 F. 2d at 155. * * *
‘ ‘ For example, due process is not denied because a person is refused the right to be represented by counsel in a hearing before a draft board. United States v. Sturgis, 342 F. 2d 328 (3d Cir. 1965); Niznik v. United States, 173 F. 2d 328 (6th Cir. 1949); United States v. Pitt; 144 F. 2d 169 (3d Cir. 1944).
££ In In re Groban, 352 U. S. 330, 77 S. Ct. 510, 1 L. Ed 2d 376 (1957), the Supreme Court held that a person had no constitutional right to be assisted by retained counsel in giving testimony at an investigatory proceeding conducted by a Fire Marshal. * * *
“ The holding in In re Groban was followed in Anonymous v. Baker, 360 U. S. 287, 79 S. Ct. 1157, 3 L. Ed. 2d 1234 (1959). See also Nason v. Immigration and Naturalization Service, 370 F. 2d 865 (2d Cir. 1967), where this Court held that a witness was not entitled to have a lawyer present at a preliminary interrogation by the Immigration and Naturalization Service even where the witness might become the object of a deportation proceeding. ’ ’
As further indicated by that court, the determination of whether deprivation of the right to counsel constitutes a violation of due process is dependent upon the consideration of the function of counsel in the hearing concerned.
In the instant case, petitioner had the right to adduce medical evidence to support his claim. He did not do so. There has been no showing, even on this appeal, to contradict the medical findings of the respondent board. Moreover, there has been no showing that the presence of counsel at the hearing would have been of value to either petitioner or respondent.
In Madera v. Board of Educ. (supra, p. 786) the court stated: 1 £ The right to representation by counsel is not an essential ingredient to a fair hearing in all types of proceedings. £# * * The utmost devotion to one’s profession and the fullest recognition of the great role of lawyers in the evolution of a free society cannot lead one to erect as a constitutional principle that no administrative inquiry can be had in camera unless a lawyer be allowed to attend. ’ In re Groban, 352 U. S. 330, 336, 77 S. Ct. 510, 515,1 L. Ed. 2d 376 (Frankfurter, J., concurring).”
*573 It is true that this court could order a hearing of certain phases of the instant application, at which hearing petitioner would be afforded the right to counsel. However, absent some evidentiary showing of the lack of merit to the respondents’ findings, such a hearing would be unwarranted. Accordingly, the petition is denied and dismissed.