Mitchell D. Schweitzer, J.
The problems raised in this article 78 proceeding, which was before the court once before, illustrate the inherent advantages in an adversary type proceeding, where parties may be represented by counsel or others with expertise in the field. The prior application resulted in a remand to respondent of their denial of petitioner’s application for a service-connected disability retirement and turned then, and must turn again, now, upon the determination of whether certain factors were, in fact, considered by respondent.
In the decision on the prior application, the court stated: ‘ ‘ It appears that the medical board did not consider the report of Honorary Consultant, Dr. Florio, of the 4th Medical District, in arriving at its determination that petitioner’s condition is a result of a pre-existing condition. In addition, the respondent did not consider the possibility that the 1958 accident aggravated the pre-existent condition, thus causing the petitioner to become disabled. The Medical Board of the Police Pension Fund also failed to set forth any facts upon which it predicated the opinion *331 that there is no causal relationship between the present condition and the accident. * * * Accordingly, the petition is granted to the extent that this matter is remanded to respondent for further proceedings to consider the issue of line of duty disability not inconsistent with this opinion. ’ ’ (N. Y. L. J., May 3, 1967, p. 20, col. 1.)
Prior to the reconsideration, petitioner requested that he be afforded a hearing, with opportunity for representation there by counsel. He was not afforded same. Upon remand, the respondent’s Medical Board reaffirmed its original finding, and the respondent approved that report. The conflicting medical evidence and the different inferences that could be drawn therefrom were noted in the prior decision. The gaps noted in the record were also previously noted. Under these circumstances, the refusal of respondent to afford petitioner the representation requested constituted an unlawful deprivation of his rights to procedural due process.
As stated recently by the Circuit Court of Appeals in Madera v. Board of Educ. of City of N. Y. (386 F. 2d 778, 780), where such issue is raised, “ what constitutes due process under any given set of circumstances must depend upon the nature of the proceeding involved and the rights that may be affected by that proceeding. ” In .the instant case, at issue were petitioner’s contractually based property rights, and where such rights are affected by administrative determinations, “ The demands of due process do not require a hearing, at the initial stage or at any particular point or at more than one point in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective. ’ ’ (Opp Cotton Mills v. Administrator, 312 U. S. 126, 152-153.) Submission to a physical examination may not be deemed a hearing, nor may the opportunity to submit written reports for respondent’s consideration in camera. Nor is the requirement of a hearing satisfied by the opportunity to seek court review, in an article 78 CPLR proceeding where the scope of review is not de novo and the presumptions operate heavily in favor of upholding the determination. Respondent’s actions were not purely investigative (cf. Matter of Groban, 352 U. S. 330) nor, as in Madera (supra), in the nature only of a preliminary conference. The determination fixed petitioner’s contractually based property rights. This court does not hold, at this point, that petitioner must be afforded representation by counsel at any hearing to be held. But there is a requirement of a hearing, at which petitioner should be afforded an opportunity to be heard, and to adduce *332 proof in controversion of the proof advanced by respondent’s appointed experts. The practical desirability of such a hearing, at which a full record might be made, is evident, as above noted, from the record of this ease. It is also on this basis that cases such as Matter of Kabelka v. City of New York (55 Misc 2d 570) are distinguishable.
The petition is granted to the extent of remanding the matter, once again, for a hearing as above described.