Franklin H. KABELKA, Plaintiff,

v.

The CITY OF NEW YORK et al.,
Defendants.

No. 67 Civ. 2785.

United States District Court,
S. D. New York.

Jan. 8, 1973.

Minnie Warshaw and Donald S. Sherwood, New York City, for plaintiff; Donald S. Sherwood, New York City, and Allen Dick, Granite Springs, N. Y., of counsel.

Norman Redlich, Corp. Counsel, New York City, for defendants; Victor P. Muskin, New York City, of counsel.

OPINION

WARD, District Judge.

PRELIMINARY STATEMENT

This action alleging violations of plaintiff's constitutional rights under the Fourteenth Amendment and his rights under the Civil Rights Act, 42 U. S.C. Sections 1981 and 1983, was tried to the Court without a jury. Plaintiff, who was appointed a New York City fireman in 1961, was retired from the Fire Department in 1967 for a non-service incurred disability. He contends that had he had counsel present and adequate notice of the New York City Fire Department Medical Board hearing which preceded his retirement, he would have been able to show that his disability was incurred in the course of his service with the Fire Department, thereby entitling him to a larger pension.

Plaintiff called two witnesses. The first was a Lieutenant of the New York City Fire Department who testified re-

garding Fire Department procedures in 1967. The second was the plaintiff who testified concerning his disability and the proceedings which led to his retirement. Defendants rested their case without presenting any witnesses.

The Court's findings of fact and conclusions of law follow:

## FINDINGS OF FACT

1. Plaintiff was appointed as a fireman in the New York City Fire Department on February 11, 1961.

2. By letter dated April 10, 1967 the Fire Commissioner directed plaintiff to report on April 17, 1967 for a medical examination as provided by Title B, Article 1–B of Chapter 19 of the Administrative Code of the City of New York.

3. The notice of April 10, 1967 directed plaintiff to bring with him any medical or other evidence in his possession which would have any bearing on the medical determination of his case.

4. The notice also advised plaintiff that there was no provision in the Article 1–B Pension System for an administrative appeal.

5. Plaintiff could have requested a postponement of the medical examination but did not do so.

6. The medical examination was held on April 17, 1967 and was attended by the plaintiff and by Dr. Morris Enklewitz, Dr. I. Pirschein and Dr. Kazuo Yanagisawa, who were the three members of the Article 1–B Medical Board at that time. All three of these men were physicians of long standing and experience. A stenographer and the Operational Secretary to the Medical Board also attended the examination.

7. The three members of the Medical Board examined plaintiff and found him to be physically unfit for the performance of fire duty due to a nasal obstruction and repeated nose bleeds.

8. Plaintiff contends that his statements to the Medical Board to the effect that his condition was service incurred were ignored. There is no evidence that he presented any other proof to the Medical Board in support of his contention that his condition was service incurred.

9. The Medical Board concluded that plaintiff's disability was not service incurred and certified that he be retired under ordinary (non-service incurred) disability conditions.

10. On May 11, 1967 the Board of Trustees of the New York Fire Department Pension Fund considered the plaintiff's case and voted to retire the plaintiff for non-service incurred disability, effective August 11, 1967.

11. Notice of plaintiff's retirement was published on May 18, 1967 in Department Order No. 96 and plaintiff was retired effective 9:00 A.M. August 11, 1967.

12. Since his retirement plaintiff has been receiving a pension. His pension is smaller then it would have been if his disability was found to have been service connected.

13. On July 20, 1967 plaintiff filed this action seeking declaratory, injunctive, and other relief which would have had the effect of postponing or setting aside his retirement as voted by the Board of Trustees of the New York City Fire Department Article 1–B Pension Fund. Plaintiff contended that he was unconstitutionally deprived of his right to counsel and had inadequate notice of the hearings before the Trustees and the Medical Board. He alleged that if he had not been so deprived he would have been able through cross-examination and introduction of additional evidence to show that his disability was service incurred.

14. This Court denied plaintiff's motion for a preliminary injunction, Kabelka v. City of New York, 272 F.Supp. 998 (S.D.N.Y.1967) (Mansfield, J.). The Court refrained from exercising its jurisdiction to resolve the constitutional questions raised, noting the absence of special circumstances which prompt Federal courts to assume jurisdiction. The Court suggested that plaintiff pur-

sue his remedies in an Article 78 proceeding in the State courts.

15. On October 9, 1967 plaintiff filed an appeal from the order of Judge Mansfield denying his motion for a preliminary injunction. On August 1, 1968 the United States Court of Appeals for the Second Circuit dismissed plaintiff's appeal for lack of prosecution.

16. Meanwhile, on October 13, 1967 plaintiff instituted an Article 78 proceeding in the Supreme Court of the State of New York, County of New York, alleging, *inter alia*, the same denial of rights as in the Federal action. On December 18, 1967 the Article 78 proceeding was dismissed, the Court holding that the plaintiff had not been deprived of constitutional due process in the hearings before the Medical Board and before the Trustees. Matter of Kabelka v. City of New York, 55 Misc.2d 570, 285 N.Y.S.2d 893 (Sup.Ct., N.Y.Co. 1967) (Spiegel, J.). Plaintiff did not file an appeal from the order entered in the State Supreme Court.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter of this action under 42 U.S.C. Section 1983 and its jurisdictional counterpart, 28 U.S.C. 1343(3). Although plaintiff's primary concern is with his loss of pension rights, in Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), the Supreme Court expressly rejected the distinction between personal liberties and property rights for purposes of Section 1343(3) jurisdiction.

2. Plaintiff alleges that due process of law was violated by his being denied counsel in the investigative administrative proceeding before the Medical Board. This argument is not persuasive. What constitutes due process under any given set of circumstances depends upon the nature of the proceeding involved and the rights that may be affected by the proceeding. Cafeteria and Restaurant Workers Union v. McElroy,

367 U.S. 886, 895, 81 S.Ct. 1743, 6 L. Ed.2d 1230 (1961). Even when due process is applicable to a proceeding it does not follow that counsel must be present to satisfy the due process requirements. Madera v. Board of Education of City of New York, 386 F.2d 778, 785 (2d Cir. 1967), cert. denied 390 U.S. 1028, 88 S.Ct. 1416, 20 L.Ed.2d 284 (1968). The right to counsel's representation is not essential to a fair hearing in all proceedings. *Id.* at 786. Here the Medical Board was merely a fact finder. There is no constitutional requirement that a party be represented by counsel under these circumstances. *See, e. g.*, In re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957).

3. Nor was due process violated by the absence of counsel at the meeting of the Board of Trustees of the Article 1–B Pension Fund. The meeting considered the Medical Board's findings and determined that plaintiff's disability was not service incurred, and that plaintiff must be relieved from duty. There has been no substantial showing that the presence of counsel at the meeting of the Board of Trustees or at the Medical Board hearing, for that matter, would have been of any value to plaintiff, nor that either proceeding was unfair in any way.

4. Plaintiff also claims that seven days' notice of the medical examination was unreasonable and prejudiced him in the preparation of his case. This claim is frivolous. *See, e. g.*, Foppiano v. Lowery, Civil No. 71–1607 (E.D.N.Y. 1971), aff'd without op. (2d Cir. 1971).

5. Had plaintiff demonstrated a denial of due process, judgment nevertheless would be granted in favor of the defendants by reason of the doctrine of *res judicata*. The Supreme Court of the State of New York, New York County, (Spiegel, J.), reviewed plaintiff's due process allegation and held that due process had not been violated. Having decided not to appeal from that decision, plaintiff is barred from re-litigating his claims in this proceeding where the par-

ties and the facts are identical to the parties and facts there.[1]

6. This conclusion is mandated by Taylor v. New York City Transit Authority, 433 F.2d 665, 668, 670–671 (2d Cir. 1970). There plaintiff contended that his dismissal from the New York City Transit Authority violated the due process clause of the Fourteenth Amendment. The Court held that plaintiff was barred by *res judicata* from litigating this contention in federal court. Although plaintiff's due process argument was not raised in his appeal before the New York City Civil Service Commission, and his belated Article 78 proceeding was dismissed for lack of jurisdiction[2] and/or the running of the statute of limitations, the Second Circuit held that:

"Had appellant prosecuted his constitutional objection in a timely manner, and had the Commission made an unsatisfactory disposition thereof, the courts of New York, in the exercise of their responsibility under the Supremacy Clause of the United States Constitution to entertain federal constitutional questions, no doubt would have taken jurisdiction of appellant's case. . . . It is in this sense that we find that the state courts made a final determination on the 'merits,' which, under the principle of *res judicata*, we should not disturb." 433 F.2d at 668.[3]

There is no uncertainty that here the state courts have made a final determination on the merits of plaintiff's contentions. The doctrine of *res judicata* therefore applies.

The defendants are entitled to judgment dismissing the complaint with prejudice and with costs.

Settle judgment on notice.

1. Plaintiff added to his state court assertions only an allegation that notice was insufficient. Having determined that this claim is frivolous, this Court concludes that there is identity of issues here and in the state proceeding.

2. At the time in question, Section 76 of the New York Civil Service Law, McKinney's Consolidated Laws, C. 7, provided for an appeal from the Transit Authority's decision to discharge him either to the New York City Civil Service Commission or to the New York State Courts under Article 78 of New York Civil Practice Law and Rules. Plaintiff chose the former.

3. James v. Board of Education of Central Dist. No. 1, 461 F.2d 566 (2d Cir. 1972) is no help to plaintiff. There, plaintiff, a discharged high school teacher, brought an action in Federal Court under 42 U.S.C. § 1983 after exhausting his state administrative remedies. The Court held that plaintiff need not exhaust state judicial remedies before filing his federal action, and was not barred by *res judicata*. The Court distinguished *Taylor, supra*, in that there the decision "was based on Taylor's failure to raise (his due process) claim before the administrative agency," *id.* at 571 n. 11, which prevented the state courts from hearing Taylor's due process claim. Thus, in *Taylor* plaintiff sought state judicial remedies, whereas in *James* plaintiff sought federal relief without first appealing to New York courts.

Here, as in *Taylor*, plaintiff sought state judicial relief and, in fact, has litigated his due process claims in an Article 78 proceeding in the state courts. He is not faced with the paradoxical position of the plaintiff in *James* of "being barred from the federal courts if he had not exhausted administrative remedies and barred if he had." *Id.* at 571.

Nor can plaintiff successfully argue that as a result of this opinion and Judge Mansfield's decision which refrained from exercising this Court's jurisdiction, plaintiff never had the opportunity to seek redress in a federal forum. If plaintiff believed that it was essential to seek a determination on the merits of his constitutional claim in a federal forum, he should have perfected his appeal from Judge Mansfield's decision. This he did not do.