Memorandum. The procedures by which petitioner was “ certified ” a “ paranoid ” personality and involuntarily retired from his position with the New York City Housing Authority with ordinary disability benefits did not meet the rmTnmnm requirements of due process. The only written notice given petitioner was a letter of February 3, 1972, from the respondent Retirement System stating that his employer had applied for his retirement “ on account of Ordinary Dis *656 ability ” and requesting his attendance at an “ interview ” on February 10, 1972, before the medical panel. He was given no written notice of any reason for the proposed retirement or of any opportunity to present medical or other relevant evidence in his favor to either the medical panel or the Board of Trustees of the respondent Betirement System. During the proceedings, petitioner neither received nor was shown a copy of any of the medical reports or other material which formed the basis of the medical panel’s certification that he was “ paranoid ’’. After petitioner was retired, he was given no written statement of the reasons for the action. Petitioner should have been advised of the charges against him and the evidence on which they were based, afforded meaningful opportunity to present documentary or other evidence in his favor at least to the Board of Trustees, and advised of the reasons for their determination (Matter of Meschino v. Lowery, 31 N Y 2d 772, 774). Due process does not require that petitioner has been afforded a full-blown adversary hearing with the right to cross-examine the psychiatrists whose reports formed the basis of the medical panel’s certification and the board’s subsequent determination. He had, however, the right to be informed of the substance of those reports and should have been given an opportunity, at least before the Board of Trustees, to controvert the conclusions they contained (Matter of Newbrand v. City of Yonkers, 285 N. Y. 164, 179).
Accordingly, the order appealed from should be reversed and the matter remitted to Special Term with directions to remand to the Board of Trustees of the Betirement System for redetermination after adequate notice to petitioner of the charges and evidence against him and after affording him an opportunity to submit contrary evidence.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
Order, reversed, with costs, and the matter remitted to Special Term for further proceedings in accordance with the memorandum herein.