Ronald **SILETTI**, Plaintiff,

v.

**NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM**, Defendant.

No. 75 Civ. 1364.

United States District Court,
S. D. New York.

Sept. 30, 1975.

As Amended Oct. 7, 1975.

---

Morris Weissberg, New York City, for plaintiff.

W. Bernard Richland, Corp. Counsel, New York City, for defendant; A. Michael Weber, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3)(4). Jurisdiction is predicated not only on § 1343(3)(4) and the Fourteenth Amendment but on 28 U.S.C. § 1331.

Siletti, a former patrolman in the New York City Transit Authority, was injured in 1969 when he fell down a subway station stairway. In 1970, he was retired on ordinary (non-service connected) disability benefits. Subsequently, his application for service connected disability retirement was denied by the defendant–New York City Employees' Retirement System (Retirement System). The defendant's determination was made pursuant to § B3–40.0 of the Administrative Code of the City of New York, which provides that an application for service connected disability can only be granted if a "medical examination and investigation" finds that the applicant was

"physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service while a member, and that such disability was not the result of willful negligence on the part of such member and that such member should be retired . . . ."

The plaintiff contends that had he been given an evidentiary hearing on his application for service connected retirement, he would have been able to show that his disability was connected to his city-service, thus entitling him to a larger pension. The complaint seeks declaratory relief that, as applied, § B3–40.0 of the Administrative Code deprived the plaintiff of property without due process of law; monetary damages; and the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284.

In a motion to dismiss pursuant to Rule 12, Federal Rules of Civil Procedure, the defendant argues that the district court lacks jurisdiction; that the district court should abstain; that the complaint states facts insufficient to state a claim of deprivation of property without due process of law; and that a three-judge court should be convened.

In a cross-motion pursuant to Rule 19, Federal Rules of Civil Procedure, Siletti seeks to add Melvin Goldstein, Executive Director of the Retirement System, as a defendant.

### Jurisdiction

The defendant first argues that federal district courts lack ju-

risdiction to review determination of state administrative agencies. Plainly the defendant has misconstrued the thrust of Siletti's complaint. Except as to his claim for money damages, Siletti does not seek a substantive review of the disability finding, but rather, challenges the procedures employed to reach that determination. Cf. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287 (1970). Such a claim properly falls within the subject matter jurisdiction of the court. See, e. g., *McClendon v. Rosetti*, 460 F.2d 111 (2d Cir. 1972). The case relied on by the defendant to support its argument, *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954), is inapposite. There, in a diversity action, the petitioner was seeking a substantive review of an assessment of land pursuant to state condemnation proceedings; unlike the present case, no constitutional questions were raised.

However, to the extent that the complaint demands money damages, the plaintiff necessarily asks this court to review the substantive determination made by the Retirement System. To grant such relief would be premature, since even if Siletti were entitled to a new hearing with full rights of appearance and cross examination, we cannot assume that the Retirement System Tribunal will necessarily find his disability to be service connected. Accordingly, the motion to dismiss as to the prayer for monetary relief is granted without prejudice to the plaintiff.

The defendant's reference to the existence of an "adequate state remedy" is apparently to be taken to mean that the court lacks jurisdiction because Siletti has failed to exhaust an available state judicial or administrative remedy. The argument is without merit. Claims premised on 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) need not be predicated on exhaustion of state judicial or administrative remedies. *Steffel v. Thompson*, 415 U.S. 452, 472–73, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). Although the Second Circuit continues to draw a distinction between state judicial remedies and *adequate* administrative remedies, see *Plano v. Baker*, 504 F.2d 595 (2d Cir. 1974); see also *Blanton v. State University of New York*, 489 F.2d 377 (2d Cir. 1973); *Eisen v. Eastman*, 421 F.2d 560 (2d Cir. 1969), *cert. denied*, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970), the distinction is of no assistance to the defendant in the absence of allegations that the plaintiff failed to exhaust an adequate administrative remedy. See also *Powell v. Workmen's Compensation Board of the State of New York*, 327 F. 2d 131 (2d Cir. 1964).

Finally, as to Siletti's cross-motion to add a party defendant, the defendant Retirement System makes no objection. Accordingly, the plaintiff's cross-motion is granted. By naming Melvin Goldstein, individually and as Executive Director of the Retirement System, as a party defendant to this action, the plaintiff obviates the objection that the complaint fails to name as a defendant a "person" within the meaning of 42 U.S.C. § 1983. Cf. *Surowitz v. New York City Employees' Retirement System*, 376 F.Supp. 369 (S.D.N.Y.1974); *Eisen v. Eastman, supra.*

Accordingly, the defendant's motion to dismiss for lack of jurisdiction, with the exception of the plaintiff's claim for money damages, is denied.

*Abstention*

The defendant contends that, if this court finds subject matter jurisdiction to exist, it should nevertheless abstain from a determination of the case. The position has no merit, since the case involves none of the recognized "exceptional circumstances," *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959), that justify abstention by a federal court. Moreover, although abstention is not altogether barred in a civil rights case (where jurisdiction is predicated on 28 U.S.C. § 1343), see *Harrison v. NAACP*,

360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959), the Second Circuit has nonetheless appropriately observed:

"it is reasonable to conclude that cases involving vital questions of civil rights are the least likely candidates for abstention . . . . Indeed, the objectives of the Civil Rights Act would be defeated if we decided that this federal claim grounded on an alleged violation of the federal constitution would have to stagnate in the federal court until some nebulous or nonexistent remedy was pursued like a will-o-the-wisp in the state court." *Wright v. McMann*, 387 F.2d 519, 525 (2d Cir. 1967) (Citations omitted).

■ "Exceptional circumstances" justify abstention when there is an unresolved question of state law which, if definitively determined by state courts, will avoid or minimize the federal constitutional claims presented (*Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496, 498–499, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Coleman v. Ginsberg*, 428 F.2d 767, 769–770 (2d Cir. 1970)); or where intervention by the federal courts would involve possible "disruption of complex state administrative processes." *Zwickler v. Koota*, 389 U.S. 241, 249 n.11, 88 S.Ct. 391, 396, 19 L.Ed.2d 444 (1967). See *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Coleman v. Ginsberg, supra.*

■ The case at hand, however, does not turn on any doubtful issue of state law. The meaning of the Code is plain on its face. The plaintiff does not ask for an interpretation of its meaning. Rather he challenges the procedures by which it is administered. Moreover, the fact that Siletti's claim might be resolved under the due process clause of the New York State Constitution is no ground for abstention. *Stephens v. Tielsch*, 502 F.2d 1360, 1362 (9th Cir. 1974); see *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

■ Nor is there merit to the defendant's argument that the court should abstain to avoid interference with a "complex" state administrative process. In making this contention the defendant relies heavily on *Surowitz v. New York City Employees' Retirement System, supra*, a case involving quite similar facts. There, Judge Pollack indicated that the controversy presented a "classic case for the invocation of the doctrine of abstentation." *Id.* at 376. He characterized the regulations at issue in the present case as part of a "complex and comprehensive local regulatory scheme of great interest to the State of New York." *Id.* at 377. However, *Surowitz* is distinguishable in that the plaintiff there did not attack any state statute or regulation, either "on its face or in its operation." *Id.* at 373. Instead, the plaintiff alleged that state administrative and judicial processes had unfairly delayed the adjudication of his retirement claim—a question primarily relating to enforcement of local laws rather than constitutional issues. See *Simmons v. Jones*, 478 F.2d 321 (5th Cir. 1973).

Moreover, federal district courts have resolved due process challenges to comparable administrative proceedings without apparent disruption of the state administrative process. See, e. g., *Snead v. Department of Social Services of the City of New York*, 355 F.Supp. 764 (S. D.N.Y.1973), *vacated and remanded*, 416 U.S. 977, 94 S.Ct. 2376, 40 L.Ed.2d 755 (1974); *Kabelka v. City of New York*, 353 F.Supp. 7 (S.D.N.Y.1973).

Accordingly, the defendant's motion to dismiss this action on grounds of abstention is denied.

*Three-Judge Court*

■ The plaintiff seeks the convening of a three-judge court to hear his due process claim. The essence of the plaintiff's claim is that the provisions of the Administrative Code are constitutionally defective because they do not provide that a retiree be granted an evidentiary hearing

as to whether his disability is service connected. Yet nothing in the provisions of the Administrative Code prevents the holding of an evidentiary hearing. The Code is neutral on the point and specifies only the medical and factual findings required to authorize the grant of an application for service incurred disability. The plaintiff's due process claim is not an attack on a statute but on the operational procedures utilized by its administrators. In such circumstances the provisions of the three-judge court statute, 28 U.S.C. § 2281 et seq., do not apply. *Finnerty v. Cowen*, 508 F.2d 979, 984–985 (2d Cir. 1974); *Mills v. Richardson*, 464 F.2d 995, 1000–1001 (2d Cir. 1972). Accordingly, the plaintiff's request for a three-judge court is denied.

*Due Process*

The plaintiff alleges (and it is not disputed) that the Retirement System's decision to deny his application for accident disability benefits was made

> "without holding a hearing of evidence under oath, and without giving the plaintiff an opportunity to present evidence under oath, and, instead, [the defendant] made the said determinations *ex parte*, and . . . did not inform the plaintiff of the matters which [were] considered . . . in making such determinations." (Complaint, ¶ 19).

It is argued that the absence of an adversary hearing deprived the plaintiff of property without due process of law.

The disability benefits at issue are entitlements created by statute for the benefit of persons meeting the specified qualifications. The Fourteenth Amendment's protection of property has been broadly read to expand protection to such entitlements. See, e. g., *Fuentes v. Shevin*, 407 U.S. 67, 86, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Goldberg v. Kelly, supra*, 397 U.S. at 261–262, 90 S.Ct. 1011. Procedural due process is therefore applicable to the disability retirement proceeding.

Are the procedures provided by the Retirement System constitutionally adequate? We are regularly reminded that what constitutes due process under a given set of circumstances depends upon the nature of the government proceeding involved and the rights that may be affected by that proceeding. *Cafeteria and Restaurant Workers Union v. McElroy*, 367 U.S. 886, 895, 81 S. Ct. 1743, 6 L.Ed.2d 1230 (1961). The basic requirements of due process are *"some* kind of notice and . . . *some* kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). However, it does not follow that simply because due process is required in a disability retirement proceeding, a trial-like or adversary hearing is necessary. Cf. *Frost v. Weinberger*, 515 F.2d 57 (2d Cir. 1975); *Kabelka v. City of New York, supra; Wright v. Finch*, 321 F.Supp. 383 (D.D.C.1971), *vacated and remanded, Richardson v. Wright*, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972).

The plaintiff, in a memorandum in opposition to the motion to dismiss, relies on *Goldberg v. Kelly, supra*, particularly the general observation made in that case that in most settings where factual questions are presented, "due process requires an opportunity to confront and cross-examine adverse witnesses." 397 U.S. at 269, 90 S.Ct. at 1021. However, *Goldberg* dealt with welfare termination proceedings in which "credibility and veracity are at issue." *Id.* at 269, 90 S.Ct. at 1021. In the case at hand, by contrast, the questions of credibility and lack of veracity by medical witnesses are not likely to arise. Indeed, although the plaintiff disputes the medical and factual conclusions reached by the defendant, he has not challenged the medical factfinder's credibility or fairness. In the absence of questions of credibility, other than the usual conflicting opinions of opposing medical experts, the plaintiff's interest in cross-examination is minimal. It is perhaps for these reasons that the Supreme Court in *Richardson v. Perales*,

402 U.S. 389, 406, 91 S.Ct. 1420, 1430, 28 L.Ed.2d 842 (1971), has considered significant the "traditional and ready acceptance of the written medical report in social security disability cases."

Moreover, a critical factor underlying *Goldberg* was the desperate situation created by summary termination of a welfare recipient's financial assistance while the controversy over his eligibility remained unresolved: [h]is need to concentrate upon finding the means for daily subsistence . . . adversely affects his ability to seek redress from the welfare bureaucracy." 397 U.S. at 264, 90 S.Ct. at 1018. The "brutal need" manifested in *Goldberg* is not present here where the plaintiff is regularly receiving disability benefits and seeks only to increase them.

Furthermore, the complaint does not specify, and it is difficult to conceive, just what the plaintiff can prove in an adversary hearing that he has been prevented from proving under existing procedures. Certainly nothing in his complaint indicates that the defendant barred him from "present[ing] documentary or other evidence in his favor." *Balash v. New York City Employees' Retirement System*, 34 N.Y.2d 654, 355 N.Y.S.2d 577, 577, 311 N.E.2d 649, 649 (1974). Nor has the plaintiff been able to demonstrate that the written medical reports that informed the decision of the Retirement System were unreliable or lacked probative value, a possible reason for supplying an adversary proceeding.

Finally, although the government's interest in protecting its fiscal resources is never by itself decisive of due process claims, we cannot help but be cognizant of New York City's current financial problems. We hesitate to add to those burdens by requiring an apparently costly adversary hearing, see *Page v. Celebreeze*, 311 F.2d 757, 760 (5th Cir. 1963), in the absence of a clear showing that such an adversary hearing would be of value to the plaintiff or that the retirement proceeding was unfair.

Accordingly, summary judgment is granted in favor of the defendant on the issue of an adversary hearing. The defendant's request for costs and disbursements is denied.

In sum, the defendant's motion to dismiss for lack of jurisdiction is denied except as to Siletti's claim for money damages, as to which it is granted. The defendant's motion to dismiss on grounds of abstention is denied. The plaintiff's request to convene a three-judge court is denied. The plaintiff's cross-motion to add Melvin Goldstein as a party defendant is granted. Since there are no disputed material facts, and since matters outside the pleadings have been presented and considered the district court grants summary judgment pursuant to Rule 12(b) and Rule 56, Federal Rules of Civil Procedure, in favor of the defendant on the issue of whether plaintiff was entitled to an adversary hearing.

It is so ordered.