**Elaine LOWCHER, Plaintiff,**

v.

**Abraham D. BEAME et al.,
Defendants.**

**No. 75 Civ. 2895 (CMM).**

United States District Court,
S. D. New York.

Dec. 29, 1975.

Bronx Legal Services Corp. "C", Bronx, N. Y., for plaintiff; James C. Meagher, New York City, of counsel.

W. Bernard Richland, Corp. Counsel, New York City, for defendants; Carol Noymer, Asst. Corp. Counsel, New York City, of counsel.

METZNER, District Judge:

Defendants move, pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss this

complaint for failure to state a claim upon which relief may be granted.

Plaintiff, a former school secretary, seeks declaratory and injunctive relief on her claim that she was deprived of her constitutional right to due process and equal protection in the proceeding which resulted in defendants' refusal to grant her accident disability benefits upon her retirement. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202. Jurisdiction is predicated on 28 U.S.C. §§ 1343(3) and (4).

Plaintiff, who had a history of psychoneurosis and heart disease, was assaulted on September 14, 1970, at the school where she was employed. Thereafter she required regular medical care and was unable to perform her job adequately. On November 24, 1971, after a number of sabbatical and sick leaves, she applied to the New York Teachers' Retirement System for accident (i. e., service connected) disability benefits, pursuant to Section B20–42.1 of the Administrative Code of the City of New York. She claimed that the September 14, 1970 assault was the proximate cause of her disability.

The Medical Board of the New York Teachers' Retirement System twice conducted physical examinations of plaintiff and referred her to another physician for an examination. Before each physical examination plaintiff asked to be allowed to be represented by an attorney and to bring witnesses to testify before the Medical Board as to the facts of the accident. These requests were denied, but plaintiff was permitted to submit her own medical records. Her request to be allowed to examine the report of the physician to whom she was referred by the Medical Board was also denied.

On March 13, 1972, the Teachers' Retirement System notified plaintiff that the Medical Board had determined that the assault was not the proximate cause of her disability. Consequently, her request for accident disability retirement benefits was denied.

Plaintiff then brought a proceeding in New York Supreme Court, pursuant to Article 78 of the N.Y.C.P.L.R. to vacate the action of the Teachers' Retirement System. The court found that the Medical Board's conclusion was supported by competent medical evidence and dismissed her petition. The Appellate Division affirmed the dismissal. *Lowcher v. Lindsay*, 366 N.Y.S.2d 367 (1st Dept. 1975) (mem.). No further appeal was taken in the New York courts.

Plaintiff applied for and was granted ordinary (i. e., non-service connected) disability benefits, pursuant to Section B20–42.0 of the Administrative Code. Such benefits amount to $258.95 each month, whereas accident disability benefits would be approximately $750 each month.

Seven of the named defendants are members of the Board of Estimate of the City of New York. Defendants contend and plaintiff concedes that since 1969 the Board of Estimate has played no role in the administration of the New York City Employees Retirement System. The complaint against them is dismissed.

The New York Teachers' Retirement System is a part of the New York City Employees' Retirement System. It provides retirement benefits to members who are employees of the New York City Board of Education appointed to regular positions in the city schools. The System is administered by a Board of Trustees consisting of seven members who appoint a Medical Board of three physicians.

Plaintiff alleges that the refusal of the Medical Board to allow her to present witnesses, to cross-examine witnesses, to have representation by an attorney, and to see the medical report of the doctor to whom she was referred, deprived her of the opportunity for a full hearing on the merits of her claim and denied her due process.

Due process does not require "a trial-type hearing in every conceivable case of government impairment of private inter-

est." *Cafeteria and Restaurant Workers Union v. McElroy*, 367 U.S. 886, 894, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). What is required is "*some* kind of notice and . . . *some* kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1975). The presence of an attorney with the right to cross-examine witnesses is not essential to the fairness of the proceeding before the Medical Board. *Kabelka v. City of New York*, 353 F.Supp. 7 (S.D.N.Y.1973). Plaintiff does not allege that her application was summarily denied. She was permitted to submit her medical records, was examined twice by the Medical Board and once by another physician. The Teachers' Retirement System made its determination upon the finding of the Medical Board that her disability was not the proximate result of the assault. A full adversary hearing before the Teachers' Retirement System would not necessarily be superior to the existing procedures, nor is it required by due process. *Siletti v. New York City Employees' Retirement System*, 401 F.Supp. 162 (S.D.N.Y.1975).

Although not entitled to a full adversarial hearing, plaintiff was entitled to know the evidence before the Medical Board. The right to be advised of the evidence upon which the Retirement System makes its determination is implicit in procedures which afford due process of law. *Greene v. McElroy*, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959); *Balash v. New York City Employees' Retirement System*, 34 N.Y.2d 654, 355 N.Y.S.2d 577, 311 N.E.2d 649 (1974); *Meschino v. Lowery*, 31 N.Y.2d 772, 338 N.Y.S.2d 625, 290 N.E.2d 825 (1972). Unless the plaintiff knew the evidence adverse to her claim, her right to present favorable evidence was diminished.

Defendants' motion is denied.

So ordered.