■ In the Matter of JOHN BALASH, Respondent, v NEW·YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants, and NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order of the Supreme Court, New York County, entered on or about June 11, 1979 which granted the post-judgment motion of petitioner for reinstatement, back pay and for other relief, unanimously reversed, on the law, and the motion denied, without costs. Petitioner, then a senior accountant with the New York City Housing Authority, was retired for ordinary disability over his objection, by the New York City Employees' Retirement Fund on the basis of a recommendation of the fund's medical board that petitioner was paranoid. In June, 1972 he commenced an article 78 proceeding to review that determination. His application was denied. We affirmed (41 AD2d 1026). The Court of Appeals reversed (34 NY2d 654), holding that petitioner had been denied procedural due process by reason of the failure to inform him of the substance of the reports on which the finding of the medical board was based and to give him an opportunity to controvert the conclusions which they contained. The matter was remitted to Special Term with instructions "to remand to the Board of Trustees of the Retirement System for redetermination after adequate notice to petitioner of the charges and evidence against him and after affording him an opportunity to submit contrary evidence" (p 656). On June 14, 1974, Special Term entered its judgment on the remittitur and directed the fund to make a new determination in accordance with the decision of the Court of Appeals within 90 days after service of a copy of the judgment with notice of entry. Nothing was done by either party to make effective the determination of the Court of Appeals as embodied in the judgment of June 14, 1974. However, in January, 1975 the medical board, after re-examination of petitioner, concluded that he was not then totally incapacitated and that he was fit to be restored to duty. In conformity with section B3-41.0 of the Administrative Code of the City of New York, the board of trustees placed petitioner's name on an eligible preferred list for appointment. In April, 1975, petitioner was certified for an appointment which he declined. His statement of declination contained the notice that he would not again be certified except upon written request by him approved by the department of personnel at which time his name would be placed at the end of the list. Pursuant to petitioner's

request, his name was restored to the list in December, 1975, and, after the necessary formalities were complied with, he was appointed on April 23, 1976. In the interim, petitioner moved, on February 27, 1976, for the postjudgment relief here involved. That motion was made in the original article 78 proceeding and was granted except as to the request for reinstatement. That relief was held to be academic inasmuch as petitioner had already been reappointed. An assessment of damages was directed and resulted in the order here appealed from. While the judgment of Special Term "vacated, annulled, rescinded and set aside" petitioner's retirement for ordinary disability, it did no more than make effective the decision of the Court of Appeals that the trustees were to determine the issue of petitioner's capacity as of the effective date of petitioner's original disability retirement. That has never been done. All that we do know is that some three years later he was found fit to resume his duties as a senior accountant. Whether or not he was fit to perform those duties in the intervening period remains a total blank. There was, therefore, no basis for the holding of Special Term that he was entitled to all the benefits he would have enjoyed had his employment been continuous from the date of his disability retirement to the date of his recertification. Nor may petitioner find solace in the failure of the board of trustees to follow the mandate of the judgment of June 14, 1974. After the 90-day period specified therein expired, the board was in default in the performance of a duty enjoined upon it by law. Petitioner could have compelled the performance of that duty by mandamus. He did not do so. His failure to do so is not the equivalent of a determination that his disability retirement was without basis in fact. Concur—Kupferman, J. P., Fein, Ross, Bloom and Carro, JJ.