OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*848 Petitioner was retired, pursuant to section B3-39.0 of the Administrative Code of the City of New York, for disability from a position as senior accountant with the New York City Housing Authority. We held (34 NY2d 654) that petitioner had been denied due process because he had not been advised of the medical reports offered against him or afforded the opportunity to controvert them with evidence of his own, and directed that the matter be remanded to the board of trustees of the retirement system for re-determination after notice and an opportunity to be heard.
The judgment entered June 11, 1974 by Special Term made our order the judgment of that court, vacated the board’s prior determination under section B3-39.0 and ordered the board to make a new determination. The medical board of the retirement system, after receiving the reports presented against petitioner in 1972 and reports made in 1972 and 1974 by petitioner’s doctor, reported to the board of trustees on November 14, 1974 that he was “not now” unfit and recommended that petitioner’s “name be restored to a Civil Service Preferred List”. On the basis of that report the board of trustees on January 10, 1975 adopted a resolution which recited that it was acting “pursuant to the provisions of Section B 3-41.0 of the Administrative Code” and certified petitioner, “until March 1,1972, a Senior Accountant, New York Housing Authority, for registry as a preferred eligible * * * for appointment * * * at a salary grade not exceeding that from which he was last retired.” Petitioner was ultimately re-employed after intervening events not germane to the present issue, though by the transportation administration, an agency different from that from which he had been retired in 1972.
The original petition had asked reinstatement and back pay. After his re-employment petitioner moved in the original proceeding for determination of the back pay to which he was entitled. Special Term held him to be entitled to $47,976.07 in back pay as well as to vacation and pension adjustments. On appeal the Appellate Division reversed, concluding that no determination had ever been made concerning petitioner’s capacity in 1972 and that petitioner’s *849 failure to require by mandamus that a 1972 determination be made was not the equivalent of a holding that the original determination was without basis in fact. While we agree with the result reached by the Appellate Division, we arrive at our conclusion by different reasoning.
The necessary implication of the 1975 resolution is that the board of trustees concluded that petitioner was properly retired pursuant to section B3-39.0 in 1972, for the provision under which it purported to act (B3-41.0) deals with periodic medical examination of “any disability pensioner” who is “under the minimum age for service retirement for the group from which he was retired”, and directs the board of trustees if it agrees with the medical board that he “is able to engage in a gainful occupation” to certify his name “as a preferred eligible * * * for appointment to * * * a salary grade not exceeding that from which he was last retired” (emphasis supplied). That redetermination was made only after petitioner was advised that the housing authority had applied for his retirement under section B339.0 on the basis of the medical reports originally submitted in 1972, had himself submitted reports dated September 18, 1972 and October 20, 1974 from his doctor and had stipulated that those reports constituted all the additional evidence he wished to submit. Petitioner could have sought judicial review of the 1975 redetermination on the ground that it did not conform to the mandate of the judgment on remand. Instead he accepted employment with a different agency pursuant to the redetermination. He could not thereafter, without setting that redetermination aside, seek back pay for the period between the time he “was last retired” by the housing authority and the time of his employment by the transportation administration.*

 The dissent necessitates the following observations: (1) the 1972 determination was set aside on procedural grounds only, (2) the reports before the board in 1972 were considered by it in 1975 and petitioner was told in advance that they would be, (3) it is simply a nonsequitur to conclude that because the board accepted Dr. Vetter’s 1974 report which was not expressly controverted by opposing evidence it necessarily accepted his 1972 report which was contradicted by the reports of three doctors, (4) the 1975 determination in speaking of petitioner as “until March 1, 1972, a Senior Accountant, New York City Housing Authority” and the position “from which he was last retired” nec *850 essarily assumes that he was properly retired from that position, a conclusion for which there was substantial evidence before the board, and (5) petitioner’s acceptance of, by failing to contest, that determination is wholly inconsistent with his claim for back pay.